UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-85-BR

UNITED STATES OF AMERICA,

v.                                                          ORDER

GERARD RODERKUS FENNER,

     Defendant.
_____/

     This matter is before the court on defendant's motion for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). (DE # 33.) The government filed a response in opposition to the motion. (DE # 38.)

     On the afternoon of 26 November 2019, officers with the Rocky Mount Police Department responded to a reported disturbance at a local hotel. An anonymous female called 911 to report that two males were fighting in room 515 over narcotics and one male pointed a gun at the other. (Mot., Ex. C, DE # 33-3.) Officers Sanders, Barmore, and Gray responded initially. (Mot., Ex. B, DE # 33-2.) Corporal Alzer, Sergeant Walker, and Officers Evans and Mccoy arrived later to assist. (Id.) Multiple officers reported smelling marijuana in the hallway on the third floor where room 515 is located. (See id.; Mot., Ex. D, DE # 37-1.)

     Officer Sanders knocked on the door of room 515, while Officers Barmore and Gray stood nearby. (Mot., Ex. B, DE # 33-2.) Officer Sanders knocked twice and received no response. (Id.) After he knocked a third time, a male answered, and Officer Sanders announced the police's presence and heard items being moved inside the room. (Id.) After Officer Sanders knocked several more times, the male asked who they were looking for, and Officer Sanders responded that a disturbance in the room had been reported and instructed the male to come out

with his hands up. (Id.) The male did not obey the command, and Officer Sanders continued to hear items being moved around in the room. (Id.)

In the meantime, Officer Gray went outside, and as he rounded the corner of the building where room 515 is located, he saw a male, later identified as defendant, jump out of the window from that room. (Id.) Officer Gray placed defendant under arrest, and Officer Sanders ran downstairs and took custody of defendant. (Id.) Officer Sanders frisked defendant for weapons and located a bulge in the front of his jeans. (Id.) Defendant told Officer Sanders the bulge was money. (Id.) Defendant consented to a search of his person, and Officer Sanders retrieved a large amount of cash from defendant. (Id.) Defendant was not found in possession of any controlled substances.

Officers Mccoy and Evans and Sergeant Walker, with assistance from the hotel manager, searched the room for other persons but found no one. (Id.) Officer Gray remained outside room 515 to ensure no one entered or left the room. (Id.) The officers did not locate the 911 caller or any other witness.

That same day, Corporal Alzer swore to the following facts in support of a search warrant for room 515:

> . . . . Officers responded to the Days Inn room 515, in reference to subjects at the hotel fighting over narcotics and one unknown subject had a weapon pointed at the other. When officers arrived to the room, they were able to smell a strong odor of marijuana emitting from the room. As officers knocked on the door and announced themselves, they heard someone in the room moving around. Officer Gray, who is employed with the Rocky Mount Police Department, then went outside and observed [defendant] jump from the third story window of the hotel room. [Defendant] was taken into custody at the time for the suspicion of the sale of narcotics.
> At this time, members of the Rocky Mount Police Department currently have room 515 at the Days Inn located at 1340 N. Wesleyan Blvd seized. During the search incident to arrest of [defendant], a large amount of US Currency was located hidden in his crotch area. This is also indicative to the sale of narcotics.

(Mot., Ex A, DE # 33-1.) A state magistrate issued the search warrant, and it was executed shortly thereafter. (Id.) According to the government, during the search of the room, "[o]fficers located marijuana, oxycodone, heroin, methamphetamine pills, a digital scale, and a Glock model 42 handgun." (Resp., DE # 38, at 3.)

In February 2020, the grand jury charged defendant with possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm. Defendant now contends that he is entitled to an evidentiary hearing under Franks to challenge the search warrant affidavit of Corporal Alzer.

> "An accused is generally not entitled to challenge the veracity of a facially valid search warrant affidavit." A *Franks* hearing provides a criminal defendant with a narrow way to attack the validity of an affidavit. But to obtain the hearing, a defendant must make a "substantial preliminary showing" that (1) law enforcement made "a false statement"; (2) the false statement was made "knowingly and intentionally, or with reckless disregard for the truth"; and (3) the false statement was "necessary to the finding of probable cause." Given the "presumption of validity with respect to the affidavit supporting the search warrant," a defendant must satisfy this "heavy" burden before a hearing takes place.
> The first required showing, of falsity, cannot be conclusory and must rest on affidavits or other evidence. As a result, the defendant cannot rely on a purely subjective disagreement with how the affidavit characterizes the facts. Rather, there must be evidence showing that the statements at issue are objectively false.
> The second showing, requiring intentional falsity or reckless disregard for the truth, is just as demanding. An innocent or even negligent mistake by the officer will not suffice. And here too, the defendant must provide facts—not mere conclusory allegations—indicating that the officer subjectively acted with intent to mislead, or with reckless disregard for whether the statements would mislead, the magistrate.
> Finally, the defendant must show materiality—that is, that the false statements were "necessary to the finding of probable cause."

United States v. Moody, 931 F.3d 366, 370–71 (4th Cir. 2019) (citations omitted), cert. denied, 140 S. Ct. 823 (2020).

The defendant must make a similar showing when challenging facts omitted from a search warrant affidavit. Cf. United States v. Lull, 824 F.3d 109, 114 (4th Cir. 2016). "[T]o be

3

material under *Franks*, an omission must be such that its inclusion in the affidavit would defeat probable cause." United States v. Tate, 524 F.3d 449, 457 (4th Cir. 2008) (citation and internal quotation marks omitted).

Here, defendant first cites to the following statement of Corporal Alzer: "When officers arrived to the room, they were able to smell a strong odor of marijuana emitting from the room." (Mot., DE # 33, at 1.) According to defendant, this statement is false because, in body cam footage recording a discussion between the corporal and Officer Sanders, Officer Sanders states he did not smell anything coming from the hotel room, but, in contrast, Corporal Alzer states he was able to smell marijuana coming from behind the door. (Id. at 8; see also Mot., Ex. D, DE # 37-1.) Simply because the two officers have differing sensory perceptions does not mean that one of them (i.e., Corporal Alzer) is "incorrect" as defendant suggests. Also, the fact that Officer Sanders' written report contradicts his own statement from the body cam footage, (see Mot., Ex. B, DE # 33-2), does not make Corporal Alzer's statement false. As noted previously, officers other than Officer Sanders were on scene, and one or more of them could have smelled marijuana coming from room 515 and informed Corporal Alzer of that fact.

Finally, the court rejects defendant's reliance on the officers' statements regarding the smell of marijuana throughout the hallway outside of room 515 to show the falsity of Corporal Alzer's statement. Marijuana odor permeating that area does not inescapably lead to the conclusion that no one could discern, or have an opinion about, from which room it was emanating. (Cf. Mot., DE # 33, at 8.)

Defendant has failed to make a substantial preliminary showing that the statement of Corporal Alzer was objectively false. Accordingly, he is not entitled to a Franks hearing on this ground.

4

Next, defendant argues Corporal Alzer omitted key facts from his affidavit. Specifically, defendant contends he should have informed the magistrate that: (1) law enforcement did not locate the 911 caller or any other witness, (2) defendant voluntarily disclosed to law enforcement that the bulge in his jeans was cash, and (3) no narcotics were in defendant's possession. (Mot., DE # 33, at 10.) Probable cause for the search was supported by the information in the 911 call; the smell of marijuana coming from room 515; the refusal of the male occupant to come out of the room despite law enforcement's commands; the sound of items being moved about the room; a male jumping out of the room's window from the third floor; and the large amount of cash located in that male's crotch. Adding the missing facts does not change the court's analysis. In other words, the omissions, even if they had been included in Corporal Alzer's affidavit, would not defeat probable cause for the search of room 515. Therefore, the omissions were not material, and defendant has not met his burden on this issue.

In summary, the court concludes defendant has not made a substantial preliminary showing of the falsity of Corporal Alzer's statement about the smell of marijuana or the materiality of the omitted facts to warrant a <u>Franks</u> hearing. His motion for such a hearing is DENIED.

This 22 October 2020.

_____
W. Earl Britt
Senior U.S. District Judge

5

Case 5:20-cr-00085-BR   Document 40   Filed 10/22/20   Page 5 of 5